UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLARK DOZOIS and
MARGUERITE DOZOIS,

    Plaintiffs,

v.                                                  Case No. 3:21-cv-951-TJC-PDB

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

    Defendant.

## **O R D E R**

    This case requires the Court to decide whether Florida Statute § 627.70152 retroactively applies to Plaintiffs Clark Dozois's and Marguerite Dozois's property insurance policy. The case is before the Court on Defendant Hartford Insurance Company of the Midwest's Motion to Dismiss (Doc. 6), to which Plaintiffs responded in opposition (Doc. 9), and Hartford replied (Doc. 15).

    Plaintiffs carried a homeowner property insurance policy with Hartford, which went into effect on January 31, 2021 and expired on January 31, 2022. (Docs. 4 ¶ 5; 9-1 at 2). On or about February 6, 2021, Plaintiffs sustained wind damage to their house, after which Plaintiffs filed a claim with Hartford. (Doc. 4 ¶¶ 7–8). Plaintiffs allege that Hartford has failed or refused to fully indemnify

Plaintiffs for the damage despite that "[a]ll conditions precedent under the Policy for the recovery of benefits have been performed, complied with, or otherwise waived." Id. ¶¶ 11–12.

Plaintiffs filed suit in state court and Hartford removed the case based on diversity jurisdiction (Doc. 1) and soon after moved to dismiss the Complaint, arguing that Plaintiffs failed to provide the required pre-suit notice under Florida Statute § 627.70152(3) (Doc. 6). Section 627.70152 applies to "all suits not brought by an assignee arising under a residential or commercial property insurance policy, including a residential or commercial property insurance policy issued by an eligible surplus lines insurer." FLA. STAT. § 627.70152(1). Section 627.70152(3) states:

> As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131. Notice to the insurer must be provided by the department to the e-mail address designated by the insurer under s. 624.422. The notice must state with specificity all of the following information: . . . .

(emphasis added). Once the insurer receives the pre-suit notice, if the notice was based on a denial of coverage, the insurer must investigate, review, and evaluate the claim and decide whether to accept coverage, continue to deny

coverage, or assert its right to reinspect the property. § 627.70152(4). If the insurer continues to deny coverage, the claimant may then file suit. § 627.70152(4)(a)(3). If the claimant fails to provide the requisite notice before filing suit, the statute dictates that the court dismiss without prejudice the claimant's suit "relating to a claim for which a notice of intent to initiate litigation was not given as required by this section . . . ." § 627.70152(5). Further, if the court dismisses a suit under § 627.70152(5), "the court may not award to the claimant any incurred attorneys' fees for services rendered before the dismissal of the suit." § 627.70152(8)(b). Section 627.70152 went into effect on July 1, 2021.

Hartford argues that because Plaintiffs filed suit on August 2, 2021—after § 627.70152 went into effect—and because Plaintiffs did not provide the required notice before filing suit, the Court should dismiss the case without prejudice under § 627.70152(5). (Doc. 6 at 4–5). Plaintiffs argue that because their insurance policy went into effect before the statute went into effect, § 627.70152 does not apply to Plaintiffs' policy under Menendez v. Progressive Exp. Ins. Co., 35 So. 3d 873, 874 (Fla. 2010). (Doc. 9). In its reply, Hartford argues that Menendez is distinguishable because the statutory scheme considered in Menendez is fundamentally different than the one here. (Doc. 15 at 4–5).

In Menendez the Florida Supreme Court considered Florida's Motor

3

Vehicle No-Fault Law which contained a similar pre-suit notice provision. Menendez, 35 So. 3d at 876. As noted by the Florida Supreme Court, "[i]n our analysis, we look at the date the insurance policy was issued and not the date that the suit was filed or the accident occurred, because 'the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract.'" Id. (quoting Hassen v. State Farm Mut. Auto. Ins. Co., 674 So. 2d 106, 108 (Fla. 1996)). Plaintiffs' insurance policy went into effect on January 31, 2021 (Doc. 9-1 at 2); thus, similar to Menendez:

> [b]ecause . . . the statute was enacted after the issuance of the insurance policy, the operative inquiry is whether the statute should apply retroactively. In this regard, the Court applies a two-pronged test. First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively. Second, if such an intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles. See Metro. Dade [Cnty.] v. Chase Fed. Hous. Corp., 737 So. 2d 494, 499 (Fla. 1999).

Menendez, 35 So. 3d at 877. The Menendez court summarily held that the Legislature intended for the pre-suit notice provision to be applied retroactively and focused on the second inquiry. Id. at 877. Likewise, the Court here assumes arguendo that the Legislature intended § 627.70152 to apply retroactively and focuses on whether retroactive application of § 627.70152 "impairs a vested right, creates a new obligation, or imposes a new penalty" such that retroactive

4

application is constitutionally impermissible. Id.; see also Metro. Dade Cnty., 737 So. 2d at 499.

In Menendez, the Florida Supreme Court noted that the No-Fault Law's primary purpose was to "provide for medical, surgical, funeral, and disability insurance benefits without regard to fault, and to require motor vehicle insurance securing such benefits." Menendez, 35 So. 3d at 876–77 (quoting FLA. STAT. § 627.731). Under the No-Fault Law, the insured was required to provide a pre-suit notice of intent to litigate and the insurer was provided additional time to pay an overdue claim. Id. at 878. If the insurer paid the overdue claim within the additional time, the insured was precluded from bringing suit and the insurer was shielded from a claim for attorneys' fees. Id. The prior statute did not require the pre-suit notice and any overdue payment was subject to a ten percent interest rate. Id.

The Florida Supreme Court ultimately held that the statute could not apply retroactively. The court noted four provisions that were problematic: "those which (1) impose a penalty, (2) implicate attorneys' fees, (3) grant an insurer additional time to pay benefits, and (4) delay the insured's right to institute a cause of action." Id. at 878. The Menendez court reiterated that "statutes with provisions that impose additional penalties for noncompliance . . . do not apply retroactively . . . ." Id. Here, like the No-Fault Law in Menendez, § 627.70152 imposes a penalty on insureds that do not file a

pre-suit notice: the case is dismissed without prejudice and the claimant is precluded from an award of attorneys' fees for any services rendered before the dismissal. §§ 627.70152(5), (8)(b); see also Peyton v. Security First Insur. Co., No. 21-CA-5661 (Fla. 13th Cir. Ct. Oct. 25, 2021) (denying motion to dismiss for failure to file pre-suit notice and holding that § 627.70152 is substantive);[1] Rosario v. Scottsdale Ins. Co., No. 21-24005-CIV, 2022 WL 196528, at *2 (S.D. Fla. Jan. 21, 2022) (same). Further, like the statute in Menendez, § 627.70152(4) provides insurers with additional time to accept coverage. See Menendez, 35 So. 3d at 878. Before § 627.70152, if an insurer denied coverage, the claimant had an immediate right to sue; now claimants must give insurers another opportunity to accept coverage before filing suit. These requirements were not in place before Plaintiffs' policy went into effect.

The Florida Supreme Court also noted that under the No-Fault Law, the insured had a right to a "swift and virtually automatic" recovery. Menendez, 35 So. 3d at 877. Hartford urges this Court to follow other Florida circuit courts that have distinguished Menendez on the ground that § 627.70152 does not provide the same right to immediate benefits; thus, the pre-suit notice requirement does not impair Plaintiffs' substantive rights. (Doc. 15 at 5–6); see Jerome v. Homeowners Choice Prop. & Casualty Insur. Co., No. 50-2021-CA-

---

[1] Peyton is currently pending before Florida's Second District Court of Appeal. Security First Insur. Co. v. Peyton, No. 2D21-3607 (Fla. 2d DCA).

9628 (Fla. 15th Cir. Ct. Oct. 20, 2021); Smigiel v. Family Sec. Insur. Co., No. 50-2021-CA-9409 (Fla. 15th Cir. Ct. Oct. 12, 2021). However, the cited decisions analyzed the pre-suit notice provision in isolation, see id., whereas Menendez took a more holistic view of the provision at issue, Menendez, 35 So. 3d at 879 ("In our view, the statute, when viewed as a whole, is a substantive statute.") (emphasis added). Similar to Menendez, this Court not only considers § 627.70152(3), but also the provisions that are triggered by § 627.70152(3): §§ 627.70152(4), (5), and (8)(b), which include additional duties, obligations, and penalties. See Menendez, 35 So. 3d at 878 (considering a pre-suit notice provision in FLA. STAT. § 627.736(11)(a), and evaluating (11)(a), (d), and (e) to reach conclusion that pre-suit notice provision did not apply retroactively); cf. United States v. Sec'y Fla. Agency for Health Care Admin., 21 F.4th 730, 739 (11th Cir. 2021) ("In interpreting a statute, 'we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law.'") (quoting Pennhurst State Sch. & Hosp. v. Halderman, 451 U.S. 1, 18 (1981)).[2]

---

[2] The court in Art Deco 1924 Inc., Plaintiff, v. Scottsdale Ins. Co., Defendant., considered the same issue before this Court and granted the defendant's motion to dismiss. No. 21-62212-CIV-MORENO, 2022 WL 706708, at *2 (S.D. Fla. Mar. 9, 2022). The court reasoned that § 627.70152(8)(b) was fundamentally different than the scheme in Menendez where attorneys' fees were altogether prohibited in certain circumstances. Id. Despite the fee scheme here being different in that it does not entirely preclude attorneys' fees, it nevertheless limits (in some circumstances, possibly severely so) attorneys' fees

In sum, assuming the Legislature intended § 627.70152 to apply retroactively, § 627.70152(3) and its associated provisions are substantive. Section 627.70152's pre-suit notice requirement imposes new duties, obligations, and penalties; therefore, it does not apply retroactively to Plaintiffs' policy, which was executed before the statute went into effect. The case is not due to be dismissed under § 627.70152(5).[3]

Accordingly, it is hereby

**ORDERED:**

1. Defendant Hartford Insurance Company of the Midwest's Motion to Dismiss (Doc. 6) is **DENIED**. Hartford shall answer the Complaint no later than **April 22, 2022**.

2. The Case Management and Scheduling Order (Doc. 16) continues to govern the case.

---

and imposes a penalty that did not exist before § 627.70152. See Menendez, 35 So. 3d at 877; State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, 61 (Fla. 1995) ("[W]e find that section 627.727(10) cannot be applied retroactively because it is, in substance, a penalty.").

[3] Hartford, in its reply, also briefly requests that the Court strike Plaintiffs' request for attorneys' fees under § 627.70152 if the Court denies its Motion to Dismiss. (Doc. 15 at 6). Plaintiffs have not had an opportunity to respond to this request, so the Court declines to address this issue at this stage.

**DONE AND ORDERED** in Jacksonville, Florida the 30th day of March, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record